PAUL J. MORRIN, as President of the International Association of Bridge, Structural and Ornamental Iron Workers, an Unincorporated Association, Respondent, *v.* STRUCTURAL STEEL BOARD OF TRADE, INC., Appellant.

First Department, February 27, 1931.

*Raymond L. Wise* of counsel [*Robert B. Thomas* and *Merritt Lane* with him on the brief; *James C. Higgins*, attorney], for the appellant.

*Frank P. Walsh* of counsel [*Harold Stern* with him on the brief], for the respondent.

PER CURIAM. From an injunction enjoining the defendant, appellant, during the pendency of this action, among other things, from employing any person or persons other than members of the plaintiff's association and from continuing to employ any person or persons not members of the plaintiff's union, defendant appeals.

The basis of this action rests upon an alleged contract which was never signed by this defendant. Instead, the plaintiff claims that the terms of a contract were agreed upon on behalf of the defendant by its duly appointed representative and that the defendant is obligated to execute a contract prepared in accordance with such agreement. As a basis for this contention the plaintiff recites a resolution passed by defendant board, by a divided vote, reading as follows: " That the Chairman of the Board be fully empowered

to negotiate an agreement with the International Union along lines as reported by him and when he has arrived at a satisfactory agreement he shall present the same to the Board for execution."

The defendant upon its part claims that the resolution only empowered its representative to negotiate and that to hold he was authorized finally to agree, renders of no effect that part of the resolution which provides for execution of the agreement by the defendant. Further, defendant claims that its representative was at the most authorized to negotiate an agreement along certain lines and that the agreement submitted to the defendant for consideration did not conform thereto.

Where the facts are in such sharp dispute as shown by this record, an injunction *pendente lite* should not be granted. The rights of the parties should be determined only after a trial of the issues.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs.

Present — FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.