Jambs D. Hopkins, J.
The plaintiff moves for a temporary injunction restraining the defendant Schachter from soliciting customers dealing with the plaintiff, restraining the said defendant from performing services for any employer within a radius of 10 miles from the place of business of the plaintiff, and restraining the defendant Aladdins House of Beauty from employing the defendant Schachter or soliciting customers dealing with the plaintiff. The action is instituted by the plaintiff for a permanent injunction restraining the defendants from acting virtually in the same manner sought to be enjoined by this motion, and for the recovery of money damages as a result of breach of contract, and a conspiracy to injure the business of the plaintiff formed and executed by the defendants.
The plaintiff operates a beauty salon at Scarsdale, New York. The defendant Aladdins House of Beauty operates a beauty salon at Eastchester, New York, at a point less than 4 miles from plaintiff’s place of business. The defendant Schachter was formerly employed by the plaintiff for approximately 6 years as a hairdresser at a salary of $100 weekly; during the last year of his employment he received a bonus of $800, equivalent to 25% of the profits of the business. About a year after he entered the plaintiff’s employ, the plaintiff and the defendant Schachter signed an agreement dated December 31, 1956, which, among other things, provided (1) that the agreement *206 continued from calendar year to calendar year, terminable by notice from either party before November 1 of any year; (2) that the plaintiff would pay the defendant the same weekly salary; (3) and that on termination of the agreement, by wrongful discharge or otherwise, the defendant would not for one year thereafter engage in a similar business for himself or as an employee within a radius of 10 miles from the plaintiff’s place of business, and would not solicit any customers of the plaintiff. On September 23, 1961 the defendant Schachter left the employ of the plaintiff without prior notice and entered the employ of the defendant Aladdins House of Beauty.
There is no ground for injunctive relief against the defendant Aladdins House of Beauty. Clearly, it was not bound by the agreement between the plaintiff and the defendant Schachter. The moving papers are insufficient to establish the existence of a conspiracy between the defendants to destroy the plaintiff’s business. A temporary injunction should not be issued where the right to the relief is not plain, and the facts are in sharp dispute (Morrin v. Structural Steel Bd. of Trade, 231 App. Div. 673; Erroll Enterprises v. Columbia Records, 11 A D 2d 925).
The right to injunctive relief against the defendant Schachter’s present employment rests on the described agreement. Whether an injunction will issue to restrain the breach of a negative covenant not to compete or to be employed by a competitor depends on the variables of a particular fact situation. Equity is reluctant to restrain one from following his calling or earning his livelihood, unless unfair methods are practised, or the deprivation consequent on the injunction is overbalanced by the irreparable loss to the other party to the agreement (Rochelle v. Amendola, 11 A D 2d 786). Irreparable loss is usually shown by the peculiarly distinctive services of the employees, services so unique as to be indispensable or irreplaceable (Kaumagraph Co. v. Stampagraph Co., 235 N. Y. 1, 9; Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312, 320; Restatement, Contracts, § 380, subd. [2]). “In general, it is not the mere taking of new employment but unfair competition which equity enjoins.” (5 Williston, Contracts [Rev. ed.], § 1450, p. 4051.)
It is not clear from these papers that the services of the defendant Schachter were so unique or distinctive as to be subject to equitable restraint. It has been said that a beauty operator per se does not offer such extraordinary services that he is irreplaceable (Corpin v. Wheatley, 227 App. Div. 212). Like many other occupations providing a personal service, the skill and personality of the employee may indeed be a valuable *207 asset to the employer; that by itself does not justify the issuance of an injunction preventing the employee from working for another employer, even within an area or a period of time forbidden by an agreement (Paramount Pad Co. v. Baumrind, 4 N Y 2d 393; Murray v. Cooper, 268 App. Div. 411, affd. 294 N. Y. 658). Here the plaintiff attempts to bolster the unusual and distinctive character of Schachter’s services by stating that he was in effect the manager of plaintiff’s business. This the defendant denies, and the issue may be better decided after a plenary trial.
At this time, therefore, a temporary injunction restraining the defendant Schachter from working for the defendant Aladdins House of Beauty, should not be issued (see Duro-Test Corp. v. Donaghy, 9 A D 2d 860; Voorhees & Hobart, Inc. v. Hobart, 251 App. Div. 111). However, the plaintiff is entitled to a temporary injunction restraining the defendant Schachter from soliciting customers of the plaintiff. There is evidence in the moving papers, not specifically denied by the opposing papers, that plaintiff’s customers have been solicited by Schachter. Even in the absence of an agreement, the plaintiff may be protected from such competition (cf. Town & Country House & Home Serv. v. Newbery, 3 N Y 2d 554).