Edward G. Baker, J.
In this action for a permanent injunction, plaintiff moves by order to show cause for an injunction pendente lite to restrain defendants from calling or holding any meeting of the board of directors of the defendant corporation for the purpose of removing plaintiff as an officer, director and *319 employee of said corporation, and for other temporary injunctive relief. The motion is denied.
The papers before the court indicate that the corporate defendant is a close corporation. The three individual parties to the action are the sole stockholders thereof, each owning one third of the issued outstanding stock consisting of two classes. Defendants allege that each of the two individual defendants owns “ substantially more of the voting stock than does the plaintiff.”
For a number of years, plaintiff has been the general manager in charge of plant operations of defendant corporation. Defendants maintain that all four of plaintiff’s fellow directors (including the two individuals who, allegedly, own more than two thirds of the voting stock, and two nonshareholder directors) are of the opinion that plaintiff no longer is capable of performing the duties and functions required of him as an officer, director and plant manager of the corporation. Defendants claim that by reason of the transformation of the corporation’s manufacturing methods from manual procedures to automation, plaintiff’s experience and capacities no longer can be utilized.
Plaintiff maintains that, by virtue of an oral agreement among himself and the two individual defendants, he may not be removed as an officer, director or employee of defendant corporation. Each of the individual defendants herein, the alleged parties to the purported oral agreement, categorically denies that any such agreement was made. It is significant, too, that the written shareholder’s agreement annexed to plaintiff’s moving papers makes no reference to any such agreement.
On this motion, the court may not examine into and determine the merits or the lack of merits of the controversy between the parties. There are issues of fact which may be determined only upon a trial. No compelling need for a temporary injunction has been shown. The court, at Special Term, should not pre-try the issues, if the ultimate relief is doubtful. (See Trensky v. Green, 106 N. Y. S. 2d 572; Lubliner v. Sylu Knitting Mills, 213 N. Y. S. 2d 726.)
Obviously, there is a sharp issue of fact whether the oral agreement (allegedly made after the written agreement dated July 9, 1947), was, in fact, made. Defendants, as stated above, deny any such agreement. In the face of such an issue, a temporary injunction may not be granted. (Morrin v. Structural Steel Bd. of Trade, 231 App. Div. 673; Geed v. Braunsdorf, 277 App. Div. 1001.)
The attorneys for the respective parties agree that a prompt trial should be bad. The court accordingly directs that a short *320 note of issue be served, the statement of readiness be dispensed Avith and this cause placed on the Ready Day Calendar, Special Term, Part III of this court for December 10, 1962, at the head of the calendar for that day, subject to the approval of the Justice then presiding. The Clerk is directed to accept a note of issue for the designated day upon payment of the necessary fees. The order to be entered hereon shall further provide for a stay of the stockholders’ meeting until the determination of the issues herein after trial.