■ BENCO INTERNATIONAL IMPORTING CORP., Respondent, v DONALD WILBORN et al., Appellants.—Order, Supreme Court, New York County, entered

October 17, 1977, granting plaintiff Benco International Importing Corp.'s motion for a preliminary injunction, unanimously modified, on the law and in the exercise of discretion, to the extent of deleting the first two ordering paragraphs from the preliminary injunction and otherwise affirmed, without costs and disbursements. The appeal from the order entered December 14, 1977, denying reargument is dismissed, without costs and disbursements. Respondent Benco engaged appellant Wilborn to serve as its president in all phases of its shoe manufacturing business. Before entering upon his employment Wilborn entered into a written agreement with Benco wherein he covenanted that for a period of two years following termination of his employment he would not work for any Benco competitor whose business involved "footwear manufactured in Taiwan" and also not work for any competitor or retail footwear business if, within one year prior to his termination, that competitor or retailer had dealt with any factory which had manufactured shoes for Benco or its customers. Wilborn terminated his employment with Benco on July 31, 1977. The following day he acquired a position with one of Benco's competitors. Plaintiff fails to demonstrate a clear and factually undisputed right to a preliminary injunction. (Edgeworth Food Corp. v Stephenson, 53 AD2d 588.) Furthermore the covenant, as drawn, is a wide-reaching one and no facts have been presented limiting its broad sweep. Under it, Benco's customers, and the factories manufacturing shoes for Benco, could be legion so that Wilborn's only permitted involvement with "footwear" could well be the shoes on his feet. Covenants of this sort restricting the right of an employee to earn a livelihood are disfavored as a matter of public policy, and are to be enforced only to the extent reasonable, and then only if the employee is shown to have confidential information or trade secrets of the employer or if the employee's services are demonstrably " ' "special, unique or extraordinary" ' ". (Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 499.) Here neither the customer list nor the manufacturers list, which are apparently readily obtainable, can be said to be confidential. In addition the facts proffered by respondents lend support to their premise that there are no trade secrets in the footwear industry with respect to styles or prices. And as it does not appear Wilborn furnished any special, unique or extraordinary services, an injunction grounded on the theory he was a "key man" would also be unwarranted. Since Wilborn insists he does not possess any of appellants books and records and has acquired none of its trade secrets, he will not be harmed if the third, fourth and fifth ordering paragraphs of the injunction order remain undisturbed. (See Benco Int. Importing Corp. v Krooks, 53 AD2d 536.) In view of this determination, the plaintiff, if it be so advised, is at liberty to apply to Special Term to reduce the undertaking. Concur— Kupferman, J. P., Evans, Markewich, Yesawich and Sandler, JJ.