■ AIRLINE DELIVERY SERVICES CORPORATION, Respondent, v JOHN LEE et al., Appellants.—Order, Supreme Court, New York County entered on March 2, 1979, denying appellants' motion pursuant to CPLR 3212 for summary judgment is unanimously reversed, on the law, with costs and disbursements to appellants, and summary judgment is granted dismissing the complaint. In this action seeking, *inter alia,* damages for breach of a contract of employment, the individual defendant was employed by the plaintiff corporation under a three-year contract containing a restrictive covenant which provided that, after termination of his employ, the defendant would not solicit or aid in soliciting plaintiff's customers. This contract was not renewed after its initial term. Defendant departed and formed the corporate defendants. In the course of competition, the individual defendant allegedly solicited plaintiff's customers, thereby violating the terms and conditions of the restrictive covenant. Generally, restrictive covenants will be enforceable only to the extent they are reasonable. However, a stricter standard of reasonableness will be applied to a posttermination covenant in which an employee covenants not to compete with an employer *(Reed, Roberts Assoc. v Strauman,* 40 NY2d 303). Courts look with ill favor on these covenants since there are "powerful considerations of public policy which militate against sanctioning the loss of a man's livelihood" *(Purchasing Assoc. v Weitz,* 13 NY2d 267, 272), and the covenant will only be enforced to the extent that it is reasonable as to time and geography. *(Reed, Roberts Assoc. v Strauman, supra,* p 307). In the covenant presently under consideration there is noticeably absent a limitation as to time. Courts have long recognized that covenants which perpetually restrict an employee from working for another are invalid and must fail *(Kaumagraph Co. v Stampagraph Co.,* 235 NY 1). Cognizable is the fact that employers must be protected against unwarranted, clandestine commercial piracy. To this end negative covenants restricting competition will be enforceable "to the extent necessary to prevent the disclosure or use of trade secrets or confidential customer information * * * [I]njunctive relief may be available where an employee's services are unique or extraordinary and the covenant is reasonable" *(Reed, Roberts Assoc. v Strauman, supra,* p 308). On the facts presented, appellant Lee's services, although presumptively of value, cannot be classified as "unique or extraordinary," nor is the covenant reasonable. Furthermore, there is no allegation in the complaint that appellant copied or pirated the customer lists of plaintiff or disclosed trade secrets. Concur— Sandler, J. P., Sullivan, Bloom, Lupiano and Ross, JJ.