■ INDEPENDENT METAL STRAP CO., INC., Respondent, v FREDERICK COHEN et al., Appellants. — In an action to recover damages for breach of an employment contract, defendants appeal from (1) an order of the Supreme Court, Nassau County (Young, J.), dated March 19, 1982, which awarded damages to the plaintiff and granted a fee to the referee, (2) an order of the same court, dated April 13, 1982, which granted plaintiff's motion for an extra allowance pursuant to CPLR 8303 (subd [a], par 2), and (3) a judgment of the same court, dated April 20, 1982, which awarded plaintiff the sum of $65,311.13. Appeals from the orders dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, without costs or disbursements, orders vacated and matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. The judgment in the plaintiff's favor was predicated upon Trial Term's finding that defendants Cohen and Gordon had breached an employment contract, which, *inter alia,* prohibited them from working for a competitor while in the plaintiff's employ and for a period of three years after the termination of their employment. Significantly, the trial court specifically found that customer lists provided by the plaintiff to the said defendants were "of such a nature as to be of relatively little value or usefulness to the [defendant] salesmen", and that the "users of the product of [steel] strapping [which the plaintiff sold] are well known when their names or identities are easily available". Moreover, the court further found that no trade secrets were involved in the case. In the absence of a showing that an employee has used or disclosed trade secrets or confidential customer lists, or that his services are special, unique or extraordinary, a covenant which prohibits an employee from pursuing a similar vocation after termination of employment is unenforceable (see *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496; *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303; *Greenwich Mills Co. v Barrie House Coffee Co.,* 91 AD2d 398). Since there is no suggestion in the record that the defendant salesmen provided extraordinary services to the plaintiff, and since Trial Term specifically found that they did not use or disclose trade secrets or confidential customer lists, so much of the judgment as was predicated upon a breach of the restrictive covenant following the termination of the defendants' employment with the plaintiff must be reversed and the amended complaint, insofar as it sought to recover damages for such breach, must be dismissed. The award of damages, however, was in part based upon the defendant salesmens' breach of the contract while still in the plaintiff's employ. Such damages were properly recoverable, but there was

no specific finding as to the date of the termination of the defendants' employment. Accordingly, we remit the case to Trial Term for a determination of that date and for entry of a judgment reflecting the plaintiff's loss of profit attributable to the defendant salesmens' breach of the contract while still in the plaintiff's employ. We have examined the appellants' remaining contentions and find them to be without merit. Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.