(May 13, 1985)

■ ALTANA, INC., Appellant, v STUART SCHANSINGER et al., Respondents. — In an action to recover damages for breach of contract, breach of fiduciary duties and unfair competition arising out of restrictive covenants in an employment contract, plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Jones, J.), dated April 19, 1985, which, *inter alia,* denied plaintiff's motion for a preliminary injunction and vacated a temporary restraining order.

Order affirmed, insofar as appealed from, with costs. The parties are directed to complete discovery proceedings within 45 days after the date of this decision. The case is granted a preference, shall be noticed for trial immediately after discovery is completed, and shall be tried as soon as practicable.

Plaintiff alleges that defendant Schansinger violated the terms of an employee secrecy agreement when he left the plaintiff's employ to take a position with the defendant Pharmafair, Inc. That agreement provided that an employee could not render services for a competitor anywhere in the United States or any foreign country for a period of two years following termination of

employment, nor could the employee solicit or divert any business the employer had enjoyed during the employee's final year of employment. The contract further provided that the employee could not, during employment or at any time thereafter, disclose "Confidential Information". Confidential information was defined as information with commercial value, not generally known in the industry or in the public domain, including "products, processes, designs, specifications, and services, and related research, development, inventions, manufacture, purchasing, sales, accounting, engineering, marketing and merchandising". As the former national sales manager, Schansinger claimed he felt "morally" but not "legally" bound not to disclose the plaintiff's confidential information to his new employer. Nevertheless, plaintiff obtained a temporary restraining order barring Schansinger from working for Pharmafair in a sales and marketing capacity and prohibiting the disclosure or use of confidential information by both defendants. Because Special Term found no evidence of irreparable injury and little chance of success on the merits, it denied the plaintiff's motion for a preliminary injunction and vacated the temporary restraining order (*see, Gambar Enters. v Kelly Servs.,* 69 AD2d 297).

Anticompetition covenants in employment contracts will be enforced only if they are geographically and temporally reasonable, and then only to the extent they are necessary to protect the employer from unfair competition resulting from the use of trade secrets or confidential customer lists (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307-308). The identities of the plaintiff's customers are readily ascertainable through hospital, pharmacy and surgical supply directories, and wholesale price information is available as well in published form (*see, Leo Silfen, Inc. v Cream,* 29 NY2d 387, 391-392). Information regarding order backlogs, price guidelines and catalog deletions fluctuates constantly and is rapidly outdated (*see, Scott Paper Co. v Finnegan,* 101 AD2d 787, 789). Bidding practices and profit margin calculations are merely variations of general trade practices (*see, Reed, Roberts Assoc. v Strauman, supra,* at p 307).

The plaintiff has failed to demonstrate that Schansinger is in possession of true trade secrets whose disclosure would give Pharmafair a competitive advantage, nor has it claimed his services were special, unique or extraordinary. Thus, these covenants should not be enforced through injunctive relief. Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.