■ MEINEKE DISCOUNT MUFFLER SHOPS, INC., Appellant, v AKI KATAN, Respondent, et al., Defendant.—In an action, *inter alia,* for a permanent injunction based upon an alleged breach of a covenant not to compete contained in a franchise licensing agreement, the plaintiff appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated September 5, 1985, which denied its motion for a preliminary injunction.

Order affirmed, without costs or disbursements.

Inasmuch as the enforceability of the restrictive covenant in the franchise agreement entered into between the plaintiff and the defendant Katan cannot clearly be ascertained at this juncture, Special Term properly denied the motion for a preliminary injunction *(see, Purchasing Assoc. v Weitz,* 13 NY2d 267; *Family Affair Haircutters v Detling,* 110 AD2d 745). Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.

■ CHRISTINE NEWALL et al., Respondents, v BREEZY POINT COOPERATIVE, INC., Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant Breezy Point Cooperative, Inc., appeals from an order of the Supreme Court, Kings County (Pino, J.), dated October 10, 1984, which denied its motion for summary judgment to dismiss the complaint as against it and any and all cross claims against it.

Order affirmed, with one bill of costs.

Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Here there are triable issues. Therefore, summary judgment was properly denied. Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.