■ BREWSTER-ALLEN-WICHERT, INC., Appellant, v DOUGLAS KIEPLER et al., Respondents.—In an action, *inter alia,* to enjoin the defendants from soliciting the plaintiff's accounts and divulging or otherwise using any confidential information of the plaintiff, and to recover damages for unfair competition, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered October 30, 1986, which denied its motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The language of the employment contract in question applied, on its face, only to life and health insurance and not to the casualty accounts which are the subject of this action.

In any event, the plaintiff has failed to sustain its burden of proving that the noncompetition covenant contained in the agreement was reasonable in scope and duration or that it was necessary to protect its legitimate needs while not unduly burdening the former employee *(see, Weintraub v Schwartz,* 131 AD2d 663 [decided herewith]; *Greenwich Mills Co. v Barrie House Coffee Co.,* 91 AD2d 398).

Moreover, on this record, it would appear that the nonsolicitation covenant may be unenforceable since the plaintiff has failed to demonstrate that the alleged customer list constituted a trade secret or that the defendant salesman Kiepler's services were unique *(see, American Broadcast Cos. v Wolf,* 52 NY2d 394; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496; *Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, *rearg denied* 40 NY2d 918). Customer lists in the commercial insurance industry are not confidential *(Reidman Agency v Musnicki,* 79 AD2d 1094), nor are the functions of an insurance agent extraordinary or unique *(Cool Insuring Agency v Rogers,* 125 AD2d 758).

Further, the motion for a preliminary injunction was also properly denied since the plaintiff failed to demonstrate that a balancing of the equities was in its favor *(see, Greenwich Mills Co. v Barrie House Coffee Co., supra; Cool Insuring Agency v Rogers, supra).* Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.