■ UP-GRADE EDUCATIONAL SERVICES, INC., Appellant, v CHERYL RAPPAPORT et al., Respondents.—In an action, *inter alia,* for a permanent injunction and to recover damages for the alleged breach of a restrictive covenant in a license agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Oppido, J.), dated December 2, 1986, which denied its application for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The plaintiff, a corporation engaged in the business of providing tutoring services to homebound and other students directly and on behalf of a number of school districts in Nassau and Suffolk Counties, entered into several license agreements with the defendants Allen Kronenberg and Cheryl and Leon Rappaport in the 1970's whereby the defendants were granted exclusive licenses to conduct the plaintiff's business in certain specified territories and school districts. Each of the aforementioned license agreements contained a restrictive covenant providing, in part, that, "[s]o long as this agreement is in effect and for a period of two years after its termination", the defendant licensees "shall not be associated, directly or indirectly, as employee, proprietor, stockholder,

partner, agent, or officer with the operation of any business competitive with [the plaintiff]". The licensees terminated their respective agreements with the plaintiff on or about April 30, 1986. At approximately the same time, the defendant Cheryl Rappaport commenced the operation of Twin County Educational Services, a business in direct competition with the plaintiff. Rappaport continued to solicit the same accounts for the new business as she had when she was a licensee of the plaintiff. The defendants Allen and Marlene Kronenberg likewise formed Syosset Home Tutoring, Inc., a business in direct competition with the plaintiff, and which directly solicited the same clients which Allen Kronenberg had when he was a licensee of the plaintiff.

The plaintiff commenced the instant action in September 1986, alleging, *inter alia,* that the defendants had breached the restrictive covenants in their license agreements. The plaintiff subsequently moved by order to show cause dated September 25, 1986, for a preliminary injunction enjoining the defendants from conducting their respective businesses pending the determination of this action. By order dated December 2, 1986, the court denied the plaintiff's application for a preliminary injunction. This appeal followed.

In order to prevail on a motion for a preliminary injunction, the moving party has the burden of establishing (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the requested relief, and (3) that the equities weigh in its favor *(Grant Co. v Srogi,* 52 NY2d 496, 517; *Family Affair Haircutters v Detling,* 110 AD2d 745, 747). Here, the likelihood of the plaintiff's success is contingent upon the enforceability of the restrictive covenants. It is well established that restrictive covenants such as those contained in the license agreements will be enforced only if reasonably limited in scope and duration, and then only to the extent necessary to protect the employer from unfair competition resulting from the use or disclosure of trade secrets or confidential customer lists, or if the licensee's services are unique or extraordinary *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 307-308; *Family Affair Haircutters v Detling, supra,* at 748). Assuming, arguendo, that the geographic and temporal scope of the restrictive covenants is reasonable, the plaintiff has nevertheless failed to establish that considerations of uniqueness, trade secrets, confidentiality, or unfair competition warrant so broadly framed a restriction as the one at

issue *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra)*. In the absence of such proof, the plaintiff has failed to sustain its burden with respect to the enforceability of the covenant, and the application for a preliminary injunction was therefore properly denied *(see, Brewster-Allen-Wichert, Inc. v Kiepler,* 131 AD2d 620; *Altana, Inc. v Schansinger,* 111 AD2d 199, 200). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.