■ DATA SYSTEMS COMPUTER CENTRE, INC., et al., Appellants, v JOSEPH TEMPESTA, JR., et al., Respondents.—In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 18, 1990, as denied that branch of their motion for a preliminary injunction which was to enjoin the defendants from soliciting, selling to, or consulting with the plaintiffs' customers.

Ordered that the order is affirmed insofar as appealed from, with costs.

The individual defendants, both successful salesmen, were employed by or otherwise associated with the plaintiff Data Systems Computer Centre, Inc. (hereafter DSCC) when it was acquired by the plaintiff Businessland, Inc. (hereafter Businessland). One of the individual defendants had executed a covenant not to compete with DSCC; the other signed a more limited covenant by which he agreed only not to solicit DSCC employees should he resign. Because of, inter alia, changes in the compensation schedule announced by Businessland at or shortly after the takeover, the individual defendants entered into negotiations concerning offers of employment with the plaintiffs' competitors and ultimately resigned to work with the corporate defendant JWP Information Systems, Inc. The individual defendants acknowledge that they notified DSCC customers they serviced of the fact of their departure as it occurred, that they advised their new employer of the identity of those customers, and that they took with them some files with which they had worked while employed by DSCC, which documents they returned several days later when requested to do so.

Alleging that each of the individual defendants breached his fiduciary duty to and his covenant with DSCC and that all

three defendants engaged in unfair competition, the plaintiffs commenced this action for monetary and injunctive relief. They also made application for preliminary injunctive relief. While the Supreme Court granted so much of their motion as was directed at solicitation of DSCC employees and the revelation of confidential information, it declined to prohibit the defendants from soliciting, selling to, or servicing the plaintiffs' former or current customers. It is only that denial which is at issue on appeal. Since we discern no exceptional circumstance which would warrant interference with the Supreme Court's exercise of discretion *(see, Moody v Filipowski,* 146 AD2d 675; *Watmet, Inc. v Robinson,* 116 AD2d 998; *Long Is. Oil Terms. Assn. v Commissioner of N. Y. State Dept. of Transp.,* 70 AD2d 303), we affirm that denial.

It is well settled that entitlement to a preliminary injunction must be premised on, *inter alia,* a likelihood of success on the merits and that " '[a] party is not entitled to a temporary injunction, unless the right is plain from the undisputed facts. If the right depends upon an issue which can only be decided upon a trial, the injunction cannot be granted. * * * Where the facts, as in the case at bar, are in sharp dispute, a temporary injunction will not be granted' " *(Family Affair Haircutters v Detling,* 110 AD2d 745, 747). Here, although it is conceded that the individual defendants made use of the identities of the customers they serviced, there is a sharp dispute as to whether they took customer lists from DSCC, which lists the record establishes are not in any event trade secrets or confidential material *(cf., Walter Karl, Inc. v Wood,* 137 AD2d 22). There is also sharp dispute as to whether they solicited customers for the corporate defendant while still employed by DSCC, and as to whether one of the individual defendants put orders "on hold" pending his move to the corporate defendant.

Apart from the sharp factual disputes, the plaintiffs failed to demonstrate bad faith on the part of the defendants *(see, 815 Tonawanda St. Corp. v Fay's Drug Co.,* 842 F2d 643, 649). Further, in the absence of any showing by the plaintiffs that trade secrets were involved, that there was any conspiracy or breach of trust resulting in commercial piracy, that potential or actual customers could not be identified from nationally known publications or other readily accessible sources, and that the employees' services were so unique or extraordinary as to warrant an injunction, the covenant not to compete provides no likely basis for success at trial *(see, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303; *Brewster-Allen-Wichert, Inc.*

*v Kiepler,* 131 AD2d 620; *Benco Intl. Importing Corp. v Wilborn,* 64 AD2d 571).

In addition to failing to demonstrate a likelihood of success upon the merits, the plaintiffs also have not shown that the equities balance in their favor *(see, Family Affairs Haircutters v Detling,* 110 AD2d 745, *supra; see also, Walter Karl, Inc. v Wood,* 137 AD2d 22, *supra).* We note that while the defendant salesmen would be adversely affected economically by the issuance of an injunction, the plaintiffs would derive no benefit from it, since there is no showing that the injunction would persuade their lost accounts to return to them *(cf., Composite Panel Fabricators v Webb,* 118 AD2d 615). Finally, to the extent that plaintiffs allege harm which could be attributable to the defendants' actions, it appears that there exists an adequate remedy at law. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.