■ STANLEY TULCHIN ASSOCIATES, INC., Appellant, v GEORGE S. VIGNOLA et al., Respondents.—In an action for injunctive relief and for damages for breach of an employment agreement, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated December 18, 1989, as denied, after a hearing, that branch of its motion which was to enjoin any violation of a three-year nondisclosure covenant contained in an employment agreement, declared that covenant to be invalid, and dismissed its causes of action to recover damages for tortious interference with contract against the defendant Commercial Collection Consultants, Inc.

Ordered that the order is reversed insofar as appealed from, on the law and the facts and as a matter of discretion, with costs, the fifth, sixth, and seventh decretal paragraphs of the order are deleted, and a provision is substituted therefor

declaring that the provision of the employment agreement which barred the defendant George Spencer Vignola from utilizing and disclosing the client lists of the plaintiff to third parties for the three-year period is valid; and it is further,

Ordered that the causes of action against the defendant Commercial Collection Consultants, Inc., sounding in tortious interference with contract, are reinstated.

The defendant George Spencer Vignola was employed as an account executive by the plaintiff Stanley Tulchin Associates, Inc. (hereinafter STA), a commercial collection agency, from August 27, 1976, until October 19, 1987. On September 10, 1982, STA and Vignola entered into an employment contract. In pertinent part, the agreement provided that Vignola would treat the "Know-How" he gained as an employee as confidential and would neither use nor disclose such "Know-How" to third parties for a period of three years after his employment with STA ended. "Know-How" was defined as "STA's methods of client solicitation, its clients' needs and natures, its business information, documents, records, techniques, ideas, writings, forms, working methods, pricing, caliber of individual employees and other information, not generally known to the public or competitors". Vignola also agreed, *inter alia,* that for a period of one year after leaving STA's employ he would not solicit, nor aid and abet solicitation of, any STA client who was a client of STA during the final two years of Vignola's employment.

After Vignola resigned and obtained work with the defendant, Commercial Collection Consultants, Inc. (hereinafter Commercial), another collection agency, STA moved for a preliminary injunction against Vignola and Commercial based upon the restrictive covenants contained in the employment agreement between Vignola and STA. By order dated August 31, 1988, the Supreme Court found that the one-year restrictive covenant contained in the employment agreement governing the solicitation of STA clients and employees was reasonable in its entirety. However, the court held an evidentiary hearing with respect to the three-year restrictive covenant contained in the employment agreement governing the disclosure of "Know-How". The hearing addressed the issues of whether STA's client lists constituted confidential trade secrets entitled to protection and whether the three-year restrictive covenant with respect thereto was reasonable. Following the hearing, the Supreme Court granted a permanent injunction concerning the one-year nonsolicitation restrictive covenant (not at issue on this appeal) but ruled that the three-year

restrictive covenant contained in the employment agreement governing the disclosure of "Know-How" was unreasonable and unenforceable. It also dismissed those causes of action sounding in tortious interference with contract against Commercial for want of proof.

STA established its entitlement to an injunction, but only with respect to the protection of its client lists *(see, Grant Co. v Srogi,* 52 NY2d 496; *Albini v Solork Assocs.,* 37 AD2d 835). Restrictive covenants will be enforced if reasonably limited temporally and geographically, and then only to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists *(see, Columbia Ribbon & Carbon Mfg. v A-1-A Corp.,* 42 NY2d 496; *Mallory Factor v Schwartz,* 146 AD2d 465; *Up-Grade Educ. Servs. v Rappaport,* 136 AD2d 628; *Airline Delivery Servs. Corp. v Lee,* 72 AD2d 731; *Service Sys. Corp. v Harris,* 41 AD2d 20). The restrictive covenant at issue on this appeal does not specifically mention client or customer lists as material not to be disclosed, but we find, as did the Supreme Court, that STA's client lists qualify as the type of unique and confidential information which would be covered by the agreement. We differ, however, as to the result which should flow from such a finding.

The client lists, in addition to containing the names and telephone numbers of its clients, include the names of key "contact" employees, as well as the volume of business done with the clients in both the current and prior year. Importantly, there is no published directory for the commercial collection industry containing the names, addresses, or any other vital data of those companies which utilize the services of commercial collection agencies. Thus, it is apparent that STA's client lists contain information relating to clients that is not readily known in the trade and that is discoverable only through effort *(see, Giffords Oil Co. v Wild,* 106 AD2d 610; *Greenwich Mills Co. v Barrie House Coffee Co.,* 91 AD2d 398; *Hecht Foods v Sherman,* 43 AD2d 850). Further, it cannot be disputed that STA has a substantial interest in retaining its present clients, an interest which may be seriously eroded through a competitor's use of this information.

In view of the foregoing, we conclude that the misappropriation of STA's client lists threatened the type of irreparable injury warranting injunctive relief *(see, Career Placement v Vaus,* 77 Misc 2d 788). This does not end the matter, however. Enforcing the broadly worded covenant as written would have impermissibly prevented Vignola from working within his

chosen field for three years. Consequently, we hold that the covenant was valid and enforceable only to the extent that it barred Vignola from making use of STA's client lists for the agreed period. Since the three-year period has expired, we cannot grant injunctive relief. However, we declare that so much of the employment agreement as barred disclosure of client lists for a three-year period was valid, to protect STA's legitimate interest in retaining its clients without unfairly burdening Vignola *(see, Karpinski v Ingrasci,* 28 NY2d 45; *KLM Royal Dutch Airlines v De Wit,* 70 AD2d 867; *Career Placement v Vaus,* 77 Misc 2d 788, *supra).*

The Supreme Court erred in dismissing STA's causes of action to recover damages for tortious interference with contract against Commercial. No party moved for summary judgment, and the plaintiff was not put on notice that it was required to lay bare its proof *(see, Mihlovan v Grozavu,* 72 NY2d 506). Further, no cross motion was made complying with the notice provisions of CPLR 2215 and 2103 *(see, Marsico v Southland Corp.,* 148 AD2d 503; *Vanek v Mercy Hosp.,* 135 AD2d 707; *Morabito v Champion Swimming Pool Corp.,* 18 AD2d 706). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.