■ U.S. TRANSPORTATION SYSTEMS, INC., et al., Appellants, v MARC 1 OF NEW YORK, INC., et al., Respondents. [619 NYS2d 764] —In an action to enforce a covenant not to compete contained in an employment agreement, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 22, 1993, as denied their motion for a preliminary injunction.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' assertions, the Supreme Court did not err in denying their motion for a preliminary injunction which sought to enforce a restrictive covenant contained in an employment agreement between the plaintiffs and the defendant Alan Dern dated August 29, 1991. It is well established that restrictive covenants contained in employment contracts that tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored in the law (see, Pezrow Corp. v Seifert, 197 AD2d 856; Shannon Stables Holding Co. v Bacon, 135 AD2d 804; Family Affair Haircutters v Detling, 110 AD2d 745). Such restrictive covenants will not be enforced "unless necessary to protect the trade secrets, customer lists or good will of the employer's business, or perhaps when the employer is exposed to special harm because of the unique nature of the employee's services" (American Broadcasting Cos. v Wolf, 52 NY2d 394, 403; Tulchin Assocs. v Vignola, 186 AD2d 183; Altana, Inc. v Schansinger, 111 AD2d 199). In the absence of any showing that the above factors exist in this case, the plaintiffs clearly failed to show any likelihood of success on the merits, a necessary element for the granting of a preliminary injunction (see, Data Sys. Computer Centre v Tempesta, 171 AD2d 724; Independent Metal Strap Co. v Cohen, 96 AD2d 830).

Moreover, in view of the fact that the plaintiff corporation, with operations nationwide, may be made whole with a monetary award, while injunctive relief would effectively put the defendants out of business, the plaintiffs also failed to show

irreparable injury or that the equities were in their favor *(see, Busters Cleaning Corp. v Frati,* 180 AD2d 705). Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.