■ HOWARD GOLDEN et al., Respondents, v STEAM HEAT, INC., et al., Appellants. [628 NYS2d 375] —In a proceeding, *inter alia,* to permanently enjoin the further construction and the opening of an adult entertainment establishment at certain premises, the appeal is from an order of the Supreme Court, Kings County (Dowd, J.), dated May 9, 1995, which granted a motion for a preliminary injunction enjoining the appellants from operating the establishment for a period of 30 days.

Ordered that the proceeding is converted into an action, with the notice of petition deemed to be the summons and the petition deemed to be the complaint *(see,* CPLR 103 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The defendant Steam Heat, Inc. (hereinafter Steam Heat), began construction of an adult entertainment establishment in Brooklyn in August of 1994. Most, but not all, of the necessary construction permits were issued to Steam Heat prior to

November 30, 1994, the effective date of an amendment of the New York City Zoning Resolution establishing a one-year moratorium prohibiting the opening of new adult entertainment establishments *(see,* NY City Zoning Resolution § 11-113). New York City Zoning Resolution § 11-332 provides that if work is not completed pursuant to construction permits issued for a particular use and the Zoning Resolution is thereafter amended to limit or prohibit that use, the permits automatically lapse, and renewal of the permits may only be obtained by applying to the Board of Standards and Appeals (hereinafter the Board) within 30 days for the Board's determination as to whether the construction was substantially complete and whether renewal of the permits is warranted.

Although Steam Heat never applied for renewal of the permits to the Board, the City of New York Department of Buildings (hereinafter the Department of Buildings) contacted Steam Heat, on its own initiative, and requested that Steam Heat provide evidence of the status of its construction, which had continued after November 30. After reviewing Steam Heat's evidence, the Department of Buildings determined that Steam Heat had completed approximately 75% to 80% of the construction prior to November 30, 1994, and, therefore, it issued the appropriate permits. A temporary certificate of occupancy was issued on April 5, 1995, and Steam Heat opened its doors on April 21, 1995.

The plaintiffs initially appealed the determination of the Department of Buildings to the Board. However, the Board has not yet made a determination. The plaintiffs commenced this action several days after Steam Heat opened for business. Although the Supreme Court granted the plaintiffs' application for a preliminary injunction, this Court granted a stay pending Steam Heat's appeal.

Steam Heat contends that the plaintiffs do not have standing to commence an action for an injunction because they failed to allege special damages arising from Steam Heat's alleged violation of the zoning resolution. In order to qualify for standing to raise a violation of a zoning ordinance, a party must demonstrate (1) an injury that is different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be promoted or protected by the statute *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 412; *see also, Little Joseph Realty v Town of Babylon,* 41 NY2d 738; *Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211). However, when the premises that are the subject of violation are in close proximity to a party's prop-

erty, a loss of value may be presumed from the depreciation of the character of the immediate neighborhood, and the party need not allege specific injury *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra,* at 414).

The action cannot be dismissed, since all of the plaintiffs other than Howard Golden are tenants of the MetroTech Center, the cornerstone of the borough's project to revitalize Brooklyn's downtown commercial district, and are located directly across the street from Steam Heat. Moreover, based upon the evidence in the record that the presence of adult entertainment establishments in any district, whether residential or commercial, has an adverse effect upon the surrounding area, the MetroTech tenants are within the zone of interests which the moratorium was designed to protect. However, we agree that the plaintiff Howard Golden, the Brooklyn Borough President, has failed to show that he is an "aggrieved" person because he indicated that he is acting in the interests of the borough's 2,500,000 residents, rather than the tenants of MetroTech Center.

It is well settled that in order to prevail on a motion for a preliminary injunction, the movant has the burden of demonstrating (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors the movant's position *(see,* CPLR 6301; *Aetna Ins. Co. v Capasso,* 75 NY2d 860; *see also, Merrill Lynch Realty Assocs. v Burr,* 140 AD2d 589, 592). Moreover, the irreparable harm must be shown by the moving party to be imminent, not remote or speculative.

The record merely indicates that the plaintiffs are concerned that Steam Heat's presence will have an adverse effect upon Brooklyn's commercial district in the future. Thus, they have failed to demonstrate the threshold showing of imminent, irreparable injury. Moreover, there is no evidence in this record that irreparable harm will result during the pendency of the plaintiffs' administrative appeal to the Board. Balletta, J. P., Miller, Santucci and Florio, JJ., concur.