■ SKAGGS-WALSH, INC., Appellant, v JOHN CHMIEL et al., Respondents. [638 NYS2d 698] —In an action, *inter alia,* to recover damages for breach of a restrictive covenant contained in a contract of employment, unfair competition, and tortious interference with contract, the plaintiff appeals, as limited by

its brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated May 16, 1994, as denied its motion, *inter alia,* to preliminarily enjoin the defendants from soliciting, servicing, diverting, enticing, or interfering with any of its customers within Queens County.

Ordered that the order is affirmed insofar as appealed from, with costs.

To prevail upon a motion for a preliminary injunction, the moving party has the burden of demonstrating that (1) there is a likelihood that it will succeed on the merits of the action, (2) it will suffer irreparable injury absent the issuance of a preliminary injunction, and (3) the balance of equities is in its favor *(see,* CPLR 6301; *Grant Co. v Srogi,* 52 NY2d 496). When the facts are sharply disputed, a preliminary injunction will not be granted *(see, Price Paper & Twine Co. v Miller,* 182 AD2d 748; *Family Affair Haircutters v Detling,* 110 AD2d 745, 747).

It is well established that restrictive covenants contained in employment contracts that tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored in the law *(see, Pezrow Corp. v Seifert,* 197 AD2d 856; *Shannon Stables Holding Co. v Bacon,* 135 AD2d 804; *Family Affair Haircutters v Detling,* 110 AD2d 745, *supra).* Such restrictive covenants will not be enforced "unless necessary to protect the trade secrets, customer lists or good will of the employer's business, or perhaps when the employer is exposed to special harm because of the unique nature of the employee's services" *(American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403; *Tulchin Assocs. v Vignola,* 186 AD2d 183; *Altana, Inc. v Schansinger,* 111 AD2d 199). In the absence of a showing that any of the above factors exist in this case, the plaintiff failed to show a likelihood of success on the merits, a necessary element for the granting of a preliminary injunction *(see, Data Sys. Computer Centre v Tempesta,* 171 AD2d 724; *Independent Metal Strap Co. v Cohen,* 96 AD2d 830). Thompson, J. P., Joy, Hart and Florio, JJ., concur.