■ GUS NEOS, Respondent, v PATRICK LACEY et al., Appellants. [737 NYS2d 394] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated February 5, 2001, as granted that branch of the plaintiff's motion which was for a preliminary injunction enjoining them from competing with the plaintiff's business within New York City.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for a preliminary injunction enjoining the defendants from competing with the plaintiff's business within New York City is denied.

In November 1999 the plaintiff entered into a contract with the defendant Patrick Lacey, wherein they agreed to discontinue various businesses they owned together and divide the assets. Pursuant to paragraph 1 (b) of the contract, the plaintiff was to "own the * * * business of Drillco Devices relating to products which are sold and distributed within New York City." In addition, Lacey's business, the defendant Drillco National Group, Inc., was prohibited from conducting business in New York City, but could do so elsewhere.

In this action, inter alia, to recover damages for breach of contract, the plaintiff alleged that paragraph 1 (b) constituted a noncompete clause and, therefore, forbade the defendants from competing with him in New York City. The defendants argued that the contract did not contain a noncompete clause, and that, while they were not allowed to compete in New York City under the name of "Drillco," they could otherwise compete with the plaintiff. The Supreme Court granted that branch of the plaintiff's motion which was for a preliminary injunction enjoining the defendants from competing with the plaintiff's business in New York City. We reverse.

To obtain a preliminary injunction, a movant must demonstrate a likelihood of success on the merits, danger of irreparable harm unless the injunction is granted, and a balance of the equities in his or her favor (*see, Skaggs-Walsh, Inc. v Chmiel,* 224 AD2d 680; *Family Affair Haircutters v Detling,* 110 AD2d 745). The plaintiff failed to demonstrate that he is likely to succeed on the merits, as the affidavits submitted by the parties demonstrate that there are many unresolved issues. Furthermore, the plaintiff failed to submit sufficient proof to show that he would suffer irreparable harm absent the granting of a preliminary injunction (*see, Skaggs-Walsh, Inc. v Chmiel, supra*; *Family Affair Haircutters v Detling, supra*; *Golden v Steam Heat,* 216 AD2d 440). The plaintiff's bare conclusory allegations were insufficient to satisfy that element (*see, Kaufman v International Bus. Machs. Corp.,* 97 AD2d 925, *affd* 61 NY2d 930). Furthermore, "[w]here * * * a litigant can fully be recompensed by a monetary award, a preliminary injunction will not issue" (*Price Paper & Twine Co. v Miller,* 182 AD2d 748, 750). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for a preliminary injunction (*see, Paroff v Muss,* 171 AD2d 782; *Weissman v Kubasek,* 112 AD2d 1086).

The parties' remaining contentions are without merit. Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.