■ DANA DISTRIBUTORS, INC., et al., Respondents, v CROWN IMPORTS, LLC, et al., Appellants. [853 NYS2d 111]—

In an action, inter alia, pursuant to Alcoholic Beverage Control Law § 55-c challenging the termination of a beer distribution agreement, the defendants appeal from an order of the Supreme Court, Orange County (Horowitz, J.), dated May 4, 2007, which, after a hearing, granted the plaintiffs' motion for a preliminary injunction.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for a preliminary injunction is denied.

To obtain a preliminary injunction, a movant must demonstrate a likelihood of success on the merits, danger of irreparable harm unless the injunction is granted, and a balance of the equities in its favor (*see Skaggs-Walsh, Inc. v Chmiel*, 224 AD2d 680 [1996]; *Family Affair Haircutters v Detling*, 110 AD2d 745 [1985]). Here, the plaintiffs failed to submit sufficient proof to show that they would suffer irreparable harm absent the granting of a preliminary injunction (*see Skaggs-Walsh, Inc. v Chmiel*, 224 AD2d 680 [1996]; *Family Affair Haircutters v Detling*, 110 AD2d 745 [1985]; *Golden v Steam Heat*, 216 AD2d 440 [1995]). Where, as here, a litigant can fully be recompensed by a monetary award, a preliminary injunction will not issue (*see Price Paper & Twine Co. v Miller*, 182 AD2d 748, 750 [1992]).

Accordingly, the Supreme Court should have denied the plaintiffs' motion for a preliminary injunction. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.