■ MASTER MECHANICAL CORP., Appellant, v JAMES MAC-ALUSO et al., Respondents. [858 NYS2d 696]—

In an action, inter alia, to recover damages for breach of contract and tortious interference with business practices, and for permanent injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated April 26, 2007, which, after a hearing, denied its motion for a preliminary injunction enjoining the defendants from directly or

indirectly disclosing its proprietary and confidential information, and soliciting business from, or performing work for, its customers.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was for a preliminary injunction enjoining the defendants from soliciting business from, or performing work for, the plaintiff's customers is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On or about June 19, 2003, the plaintiff, Master Mechanical Corp., hired the defendant James Macaluso to help it secure invitations to bid for heating, ventilating, and air conditioning (hereinafter HVAC) work. Macaluso signed an employment agreement which provided, inter alia, that, during the term of his employment "and thereafter," he would not use or disclose the plaintiff's confidential "plans, programs, systems, specifications, operations, customers, customer contacts, sources of supply, marketing, distribution, products, processes, methods, technology, devices, materials, equipment, costs, prices, finances; or personnel." The agreement further provided that, "for a period of two (2) years after [his] termination of employment from the [plaintiff] for any reason," Macaluso would not "engage in any HVAC and/or plumbing business . . . for any customer or client of the [plaintiff] for which the [plaintiff] performed work or services . . . during the twelve months prior to [Macaluso's] termination of employment, or which customer or client existed as a customer or client of the [plaintiff] as of the date of [Macaluso's] termination."

On October 3, 2005, Macaluso incorporated his own business, the defendant Legend Mechanical Corp. (hereinafter Legend), and, 11 days later, he left the plaintiff's employ. On June 15, 2006, the plaintiff commenced the instant action seeking, inter alia, a permanent injunction preventing Macaluso and Legend from using its proprietary and confidential information to interfere with its dealings with its customers, and to recover damages for tortious interference with its business opportunities. Thereafter, the plaintiff moved for a preliminary injunction enjoining Macaluso and Legend from directly or indirectly disclosing the plaintiff's proprietary and confidential information and from soliciting business from, or performing work for, its customers. Following a hearing, the Supreme Court denied the plaintiff's motion for a preliminary injunction, and this appeal ensued.

The employment agreement's prohibition against Macaluso soliciting or doing work for any of the plaintiff's customers for two years after the termination of his employment expired on October 14, 2007. Thus, that branch of the plaintiff's motion which sought a preliminary injunction enjoining the defendants from soliciting work from, or performing work for, its customers has been rendered academic, and the appeal from so much of the Supreme Court's order as denied that branch of the motion must be dismissed.

The Supreme Court properly denied that branch of the plaintiff's motion which sought a preliminary injunction enjoining the defendants from disclosing the plaintiff's proprietary and confidential information. To obtain a preliminary injunction (see CPLR 6301), a movant must demonstrate a likelihood of success on the merits, danger of irreparable harm unless the injunction is granted, and a balance of the equities in its favor (see Aetna Ins. Co. v Capasso, 75 NY2d 860 [1990]; Dana Distribs., Inc. v Crown Imports, LLC, 48 AD3d 613 [2008]; Wiener v Life Style Futon, Inc., 48 AD3d 458 [2008]). On the record presented, the plaintiff failed to show either that it would likely succeed on the merits of the action or that it was in danger of suffering irreparable harm unless the injunction were granted (see U.S. Transp. Sys. v Marc 1 of N.Y., 210 AD2d 316 [1994]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Fisher, Eng and Chambers, JJ., concur. [See 2007 NY Slip Op 31005(U) (2007).]