In the Matter of CHARLES BECKMANN, as Executor of WILLIAM BECKMANN, Deceased, Appellant, against CHARLES N. TALBOT, JR., et al., Composing the Board of Trustees and Building Committee of the Village of Island Park, Respondents.

Argued April 18, 1938; decided May 24, 1938.

*Robert L. Callahan* and *Joseph P. Brennan* for appellant. The Zoning Board of Appeals properly granted a variance of the zoning ordinance. (*People ex rel. St. Albans S. Corp.* v. *Connell*, 257 N. Y. 73; *Matter of Eaton* v. *Sweeny*, 257 N. Y. 176; *Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *People ex rel. Sheldon* v. *Board of Appeals*, 234 N. Y. 484.) The determination of the Zoning Board of Appeals may not be reviewed in this mandamus proceeding for the Board is not a party to the proceeding and the record of its proceedings is not before the court. (*Lewis* v. *City of Lockport*, 276 N. Y. 336; *Matter of Tishman Realty & Const. Co.* v. *Walsh*, 135 Misc. Rep. 315; *People ex rel. Werner* v. *Walsh*, 212 App. Div. 635; 240 N. Y. 689; *People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280; *Matter of Rosenbush* v. *Keller*, 271 N. Y. 282; *Matter of Towers Management Corp.* v. *Thatcher*, 271 N. Y. 94.) There was no evidence of an attempt by the Board of Appeals to amend or set aside the zoning ordinance. (*People ex rel. Sheldon* v. *Board of Appeals*, 234 N. Y. 484; *Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347; *Matter of Pounds* v. *Board of Standards & Appeals*, 129 Misc. Rep. 676; 223 App. Div. 861; 248 N. Y. 591; *People ex rel. St. Albans S. Corp.* v. *Connell*, 257 N. Y. 73; *Matter of Goldenberg* v. *Walsh*, 242 N. Y. 576; *Matter of Smith* v. *Ross*, 243 App. Div. 562; *Matter of New York & Richmond Gas Co.* v.

*Connell*, 242 App. Div. 691; *Matter of Vesell* v. *Board of Standards & Appeals*, 137 Misc. Rep. 806; 225 App. Div. 742; *Matter of Tishman Realty & Const. Co.* v. *Walsh*, 135 Misc. Rep. 315.) The Appellate Division erred in reversing the order upon grounds not urged at Special Term. (*People ex rel. Minard* v. *Donovan*, 228 App. Div. 596; *People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489; *People ex rel. McGinley* v. *Cahill*, 188 N. Y. 623; *Berman* v. *Kadin*, 140 Misc. Rep. 77; *Day* v. *Town of New Lots*, 107 N. Y. 148.)

*Simon M. Platt* and *Francis J. Williams* for respondents. The Board of Appeals in granting the appeal for a variance attempted to amend the village ordinance. (*Matter of Pounds* v. *Board of Standards & Appeals*, 129 Misc. Rep. 676; 223 App. Div. 861; 248 N. Y. 591; *Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347; *Matter of Stevens* v. *Clarke*, 216 App. Div. 351; *Altschul* v. *Ludwig*, 216 N. Y. 459; *Norris* v. *Wurster*, 23 App. Div. 124.) The Board of Trustees had the right to prohibit storage within the village. (*Matter of Church* v. *Bouyea*, 246 App. Div. 109; *Matter of Cherry* v. *Isbister*, 201 App. Div. 856; 234 N. Y. 607; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330.) The court cannot lend its aid and approval to the performance of an illegal act. (*New York Fire Department* v. *Gilmour*, 149 N. Y. 453; *Kathan* v. *Jones*, 201 App. Div. 580; *Altschul* v. *Ludwig*, 216 N. Y. 459; *Norris* v. *Wurster*, 23 App. Div. 124; *Matter of Lindgren*, 198 App. Div. 319.) A question of jurisdiction may be raised at any time. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30.)

RIPPEY, J. Article 7 of the Building Zone Ordinances of the village of Island Park, adopted in conformity with the Village Law of the State of New York (Cons. Laws, ch. 64), on December 22, 1932, provided that " in an industrial district all uses are permitted except that no building or premises shall be used and no building or

part thereof shall be erected or altered which is arranged, intended or designed to be used for any of the following specified trade industries or uses; * * * Storage or refining of petroleum except storage of gasoline in garages or oil filling stations under conditions allowed by law." Petitioner was the owner of vacant property within an industrial district in said village and applied to the proper village authorities for permission to use the premises for the erection of tanks in connection with the business of the storage or refining of petroleum. The application was denied. An appeal was taken to the Board of Zoning Appeals from the decision of the Building Committee, where a variance was granted. No review by way of certiorari of the decision of the Board of Zoning Appeals was had by the village authorities. After the time had expired within which such a review could be had the petitioner applied to the trustees, who constituted the Building Committee under the ordinance of the village, for a permit under section 7 of the Building Ordinances to erect the tanks the erection of which had been allowed by the decision of the Zoning Board of Appeals. The application was denied, whereupon petitioner sought and procured a peremptory order of mandamus requiring the Board of Trustees of the village to grant the permit. The order of mandamus was reversed by the Appellate Division on the law and not in the exercise of discretion.

We are not called upon to pass on the constitutionality of the ordinance or upon the question of whether it is within the legislative grant to villages under the general Village Law. We take the ordinance as we find it under the particular circumstances in this case as shown by the record before us to determine, assuming it to be constitutional and legally enacted, whether the Zoning Board of Appeals had jurisdiction, in the first instance, to entertain and pass upon the appeal. If it had that jurisdiction we may not consider the propriety of its action in this proceeding for several reasons, among which the

following are sufficient: (1) The Board of Appeals is not a party to the proceeding; (2) the record of the proceeding before that Board is not before us; (3) that question can be brought before the courts only in certiorari proceedings instituted by the party aggrieved to review the decision of the Zoning Board of Appeals as and within the time provided by section 179-b of the Village Law (Laws of 1923, ch. 564, as amd. by Laws of 1927, ch. 650). If aggrieved, the statute gave the village a remedy by certiorari which was complete and adequate. That remedy was exclusive. (Cf. *Lewis* v. *City of Lockport*, 276 N. Y. 336.) The respondents failed to avail themselves of the remedy provided and the time has long since passed within which they might have applied for an order in such a proceeding. The parties to the proceeding were there the same as here. The Building Committee and the Board of Trustees are made up of the same persons. The rule that a prior judgment is a bar to further proceedings has application alike whether it be in a formal action or in a special or summary proceeding. (*Supervisors of Onondaga* v. *Briggs*, 2 Den. 26, 33; *Van Wormer* v. *Mayor*, 15 Wend. 262; *Demarest* v. *Darg*, 32 N. Y. 281.)

There are no facts in the record that indicate that the petitioner sought to set aside the zoning ordinance as a whole. It is conceded that the property involved was in " an industrial district " within said village. How many other industrial districts may have been created within the village does not appear. All uses of property within any industrial district are permitted by the ordinance except that no building therein should be erected or used for the " storage or refining of petroleum except storage of gasoline in garages or oil filling stations under conditions allowed by law." There is no evidence in the record that the village ordinances contain any absolute prohibition against the storage of petroleum products. Petitioner sought permission to erect on certain of his

property within this particular industrial district storage tanks for petroleum products and a variation of the ordinance for that purpose. It appears that the property in the neighborhood was wholly given over to industrial purposes. The property of petitioner was bounded on the north by a private right of way, on the east by the tracks of the Long Island Railroad, on the south by the Wreck Lead Channel, a deep water channel, also known as Reynolds Channel, and on the west by the property of Whitney-Dodson, Inc. It does not appear that there was any residential property within the district and the district was not so zoned. In 1932, before the zoning ordinance went into effect, the Whitney Company erected and has since been using storage tanks of 200,000 gallons capacity for the storage of petroleum products, and immediately to the west the Petroleum Heat and Power Company maintains tanks on its property of 840,000 gallons capacity, an office building, garage and power house. There can be no doubt that, under the existing facts, the Board had power to entertain an appeal from the decision of the Building Committee and that it had power to grant a variation of the regulation contained in the zoning ordinance under definitely formulated statutory procedure. It is provided in section 179-b of the Village Law that " where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." As above stated, we cannot concern ourselves as to whether the decision of the Board upon appeal was correct upon the merits. It will be noted, however, that all the relief asked by petitioner was not granted. Application was made for a

variance as to lots 1 to 8 in block 14 on the map of Island Park-Long Beach, Inc. This variance was denied. The application was also for a variance as to lots 115 to 122 in block 30 on said map. That variance was granted. Both parcels of lots were in the same unrestricted district. The variance to allow the use of lots 115–122 to be used for the erection of oil tanks as described in the application was granted " upon the ground that there are practical difficulties and unnecessary hardships in the way of carrying out the strict letter of the said zoning ordinance of said Village." The basis for the granting of the variation was for the special benefit of the petitioner alone. There is nothing in the record to indicate that it was not in harmony with the spirit of the ordinance, would not promote equal justice, would be subversive to the public health, safety and general welfare, or that the enforcement of the ordinance according to its strict letter would not create a special and unnecessary hardship and difficulty only as to him. There is nothing in the record to indicate that the Board of Appeals abused its discretion or acted in bad faith or that its action was unreasonable, arbitrary, discriminatory or illegal, and the variation could not here be set aside. (*People ex rel. Werner* v. *Walsh*, 212 App. Div. 635; affd., 240 N. Y. 689.) The Board, having jurisdiction to entertain the appeal and vary the ordinance, in this proceeding it must conclusively be presumed that it acted according to law.

Thereupon an application was made to respondents, as required by section 7 of the Building Ordinances, for a permit to erect five tanks on the property. Attached to the application were detailed plans and specifications, as required by the ordinance, and the applicant agreed that he would " comply with all reasonable regulations of the incorporated Village of Island Park, which in any practical way assure greater safety, comfort and protection." The application was denied by the passage of the following resolution: " While the Board has no

objection to the plans they do not think ·under the Ordinances they have any right to grant a building permit for tanks as there is no such provisions in the Building Code and accordingly the application is denied."

The theory on which the application was denied by the Building Committee for lack of power was based on the statement of the Mayor in an affidavit drawn by him in opposition to the granting of the application for the order of mandamus in which he says: " No provisions have ever been made in the Building Code governing the method or plan to be followed in their erection and no specifications have been outlined therein to guide the Building Committee and its Building Inspector in passing upon precautions to be taken in their construction and operation." The omission from the Building Code of such provisions is no fault of petitioner. The resolution denying the application, however, specifically stated that there were no objections to the plans. This was the only official act of the Committee, and upon this they rely. Section 7 of the Building Ordinances contemplates the presentation and passing upon plans in a proper case for the erection of any building or structures, without restrictions, within the village limits. The fact that the ordinances do not provide as to the type and size of structures and the material to be used in the construction of tanks for the storage of petroleum or what inspection shall be made is not here material. Detailed plans and specifications were submitted with the application, and additionally the petitioner specified that he would take any steps or rearrange the plans in any way that the village Trustees might reasonably deem necessary for greater protection, comfort and safety of the inhabitants of the village. Thereupon the Committee said the plans were sufficient and satisfactory.

Mandamus cannot direct the Board of Trustees (the Building Committee) in detail how to act, but it may compel action where a clear legal right exists. The duty

of the Building Committee to grant the permit was purely ministerial. The exercise of no judgment or discretion was vested in the Committee except as to the approval of the plans. The plans were said not to be objectionable. The Committee had the power to grant the permit and it was the duty of the court to compel the Committee to act. (*People ex rel. Harris* v. *Commissioners of Land Office,* 149 N. Y. 26, 30.)

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. (See 278 N. Y. 700.)

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., taking no part.

Ordered accordingly.