■ In the Matter of JACQUELINE COLON, Petitioner, v ALLYN R. SIELAFF, as Correction Commissioner of the City of New York, et al., Respondents.—Determination of respondent Correction Commissioner, dated June 14, 1991, which dismissed petitioner from her position as a correction officer, unanimously ·confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County, Carol Arber, J., entered November 12, 1991), is dismissed, without costs.

There was substantial evidence to support the Commissioner's determination that petitioner had violated Department of Correction rules by engaging in undue familiarity with an inmate, maintaining contact with a member of the inmate's family, corresponding with the inmate after he was moved from Rikers Island to a State facility, entering into transactions with the inmate to "promote" contraband into Rikers Island and conspiring to assist in the promotion of narcotics into a State correctional facility.

Finally, it cannot be said that the penalty of dismissal is disproportionate to petitioner's offenses. *(See, Matter of Santarella v New York City Dept. of Correction,* 53 NY2d 948, 949.)

We have reviewed petitioner's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Asch and Rubin, JJ.

■ SANDRA DEVLIN et al., Appellants, v VIDEO SERVICES ACQUISITION et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 9, 1991, which, *inter alia,* denied plaintiffs' motion to dismiss defendants' counterclaims pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

Dismissal on the basis of documents is inappropriate if the documents do not "definitively dispose of the claim" *(Demas v 325 W. End Ave. Corp.,* 127 AD2d 476, 477). We agree with the IAS Court that issues of fact exist with respect to all of the counterclaims that cannot be resolved solely on the pleadings and proffered documents.

We have not considered plaintiffs' arguments based on UCC 2-206, or on a purported privilege to send the subject letter of counsel, since these arguments are raised for the first time on appeal *(City of New York v Stack,* 178 AD2d 355, *lv denied* 80 NY2d 753). Concur—Milonas, J. P., Wallach, Asch and Rubin, JJ.