■ In the Matter of City of New York et al., Appellants, v Plumbers Local Union No. 1 of Brooklyn and Queens et al., Respondents. [612 NYS2d 128] —Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered August 17, 1993, which denied the petition and dismissed the CPLR article 78 proceeding by petitioners the City of New York ("the City"), Herman Jenkins, as Personnel Director of the City of New York ("DOP" or "the Personnel

Director") and Emily Lloyd, as Commissioner of the Department of Sanitation of the City of New York ("DOS") (collectively "petitioners") seeking to annul, in part, Decision No. B-27-92 issued by respondent New York City Board of Collective Bargaining on June 24, 1992, which found arbitrable under the New York City Collective Bargaining Law ("NYCCBL") a grievance alleging violations by DOS of the Rules and Regulations of the New York City Department of Personnel filed by respondent Plumbers Local Union No. 1 of Brooklyn and Queens ("the Union") pursuant to Mayoral Executive Order No. 83, and which denied the petitioners' application seeking to permanently enjoin the Union, as the representative of a grievant DOS employee, from proceeding with an arbitration of that grievance based upon the challenged Decision, unanimously affirmed, without costs.

The IAS Court properly determined that the New York City Board of Collective Bargaining ("the Board"), as the administrative agency empowered by statute to interpret Executive Orders which provide for the arbitration of grievances, had, in Decision No. B-27-92, properly exercised its statutory authority under NYCCBL (Administrative Code of City of NY) § 12-309 (a) (3), and rationally interpreted the scope of the grievance procedure contained in Mayoral Executive Order No. 83 § 5 (adding Executive Order No. 52 § 5 [b]), in finding that the Union grievance herein, which alleged violations by the Department of Sanitation of Department of Personnel Rules and Regulations, was an arbitrable grievance pursuant to Mayoral Executive Order No. 83.

Judicial review of administrative determinations is limited to whether the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion *(Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46, 50), and the court may not substitute its judgment for that of the administrative agency when the determination is rationally based *(Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N. Y.,* 72 NY2d 753, 763, *cert denied* 490 US 1080).

Broad deference must therefore be accorded determinations of the Board, which, pursuant to the Taylor Law, is the body charged with interpreting and implementing the NYCCBL and determining the rights and duties of labor and management in New York City *(Matter of Levitt v Board of Collective Bargaining,* 79 NY2d 120, 126, 129; Civil Service Law § 212

[1]), which is empowered by statute to determine whether an Executive Order of the Mayor, including Executive Order No. 83 herein, provides for arbitration of a grievance *(City of New York v Anderson,* Sup Ct, NY County, July 17, 1978, Kassal, J., index No. 40532/78; Board Decision No. B-13-77), and which, pursuant to NYCCBL (Administrative Code) § 12-309 (a) (3), is empowered to make a final determination as to whether a dispute is a proper subject for grievance and arbitration procedure under the NYCCBL.

In rejecting petitioners' contention that the Union may not grieve an alleged violation of DOP Rules and Regulations because they are not "written rules or regulations of the mayoral agency by whom the grievant is employed" under Executive Order No. 83 § 5 (adding Executive Order No. 52 § 5 [b] [B]), the Board therefore properly recognized that, consistent with the express policy of the NYCCBL favoring arbitration, the Board itself has long held that rules which apply to a mayoral agency, but which were not promulgated by that agency, may nevertheless constitute rules or regulations of the mayoral agency by whom the grievant is employed within the meaning of Executive Order No. 83 *(City of New York v Anderson, supra;* Board Decisions Nos. B-13-77, B-41-90), and, applying these precedents to the case at bar, therefore concluded that DOP Rules and Regulations, which apply to the DOS and all other mayoral agencies, may be deemed the rules and regulations of the DOS within the meaning of Executive Order No. 83 § 5 (adding Executive Order No. 52 § 5 [b] [B]).

The Board also found that employees in "mayoral agencies" not covered by collective bargaining agreements, including the respondents herein, may bring grievances alleging violations of DOP Rules and Regulations since DOP Rules and Regulations are not specifically excluded from the definition of "grievance" under Executive Order No. 83 § 5 (adding Executive Order No. 52 § 5 [b] [B]), unlike the grievance provisions contained in other collective bargaining agreements, and that the omission of that specific exclusion mandated a finding that alleged violations of DOP Rules and Regulations may be grieved under Executive Order No. 83 § 5 (adding Executive Order No. 52 § 5 [b] [B]).

Accordingly, we find that the IAS Court properly concluded that Board Decision No. B-27-92, finding that alleged violations by the Department of Sanitation of Department of Personnel Rules and Regulations are arbitrable disputes, was a rational exercise of the Board's statutory power under the NYCCBL to determine arbitrability of grievances and to inter-

pret Executive Orders concerning arbitration, which was in conformity with the express policy of the NYCCBL and Executive Order No. 83 favoring the arbitration of grievances as well as with applicable law and Board precedent.

Petitioners have failed to establish that public policy militates against finding the DOP Rules and Regulations subject to arbitration under Executive Order No. 83 and that the Union should be permanently enjoined on public policy grounds from proceeding with an arbitration of its grievance since the petitioners have not cited any constitutional, statutory or common law principles which invest the City Personnel Director with the exclusive, non-delegable authority to ensure compliance with its Rules and Regulations *(Matter of Board of Educ. v New York State Pub. Empl. Relations Bd.,* 75 NY2d 660; *Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 69 NY2d 905).

We have reviewed the petitioners' remaining claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.