■ NEW YORK CITY DEPARTMENT OF SANITATION et al., Appellants, v MALCOLM D. MACDONALD, as Chairman of New York City Board of Collective Bargaining, et al., Respondents. [627 NYS2d 619] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about February 2, 1994, which denied the petition to annul Decision No. B-12-93 of respondent New York City Board of Collective Bargaining ("BCB") and to grant a permanent stay of arbitration under the Collective Bargaining Agreement between the Department of Sanitation and respondent District Council 37, Local 375, AFSCME, and dismissed the petition, unanimously affirmed, without costs.

Judicial review of administrative determinations is limited to whether the determination is arbitrary and capricious, or an abuse of discretion, and the court may not substitute its judgment for that of the agency if the determination is rationally based (Matter of City of New York v Plumbers Local Union No. 1, 204 AD2d 183, 184, lv denied 85 NY2d 803). BCB is empowered by statute to determine whether a dispute is the proper subject for a grievance and is arbitrable, and its decision is entitled to deference (supra, at 184-185).

The presumption against arbitration in cases involving public employees "in the absence of clear, unequivocal agreement to the contrary" (Matter of Acting Supt. of Schools [United Liverpool Faculty Assn.], 42 NY2d 509, 514) does not apply herein. A less stringent standard applies where, as here, the agreement contains a broad arbitration clause, and the question of whether the dispute is covered by the substantive provision is thus left for the arbitrator (see, Board of Educ. v Barni, 49 NY2d 311, 314-315; Board of Educ. v Glaubman, 53 NY2d 781). Further, New York City Collective Bargaining Law (Administrative Code of City of NY) § 12-302 expresses a policy favoring arbitration of grievances.

Although petitioner contends that the employee's transfer was a proper exercise of its managerial prerogative to deploy personnel, BCB's determination that the grievance alleged was within the scope of the arbitration provision was rational. The union established a sufficient nexus between the transfer and made a credible showing that the employer's action was

punitively motivated, and the fact that no written charges of incompetency or misconduct were served upon the grievant pursuant to the Collective Bargaining Agreement, article VI, § 1 (e) would not bar arbitrability of the claimed wrongful disciplinary action *(see, City of New York v District Council 37,* Decision No. B-33-90, June 27, 1990). Thus, the court properly determined that the BCB decision that the alleged grievance was within the scope of the arbitration provision was neither arbitrary, capricious nor contrary to law. Concur —Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.