■ In the Matter of CITY OF NEW YORK, Appellant, v MALCOLM D. MACDONALD, as Chairman of the New York City Board of Collective Bargaining, et al., Respondents. [636 NYS2d 793] —Judgment, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered October 14, 1994, which dismissed petitioner's proceeding pursuant to CPLR article 78 seeking, *inter alia*, annulment of a determination by respondent Board of Collective Bargaining that a certain labor dispute was arbitrable, unanimously affirmed, without costs.

The IAS Court properly concluded that the administrative determination was rationally based (*Matter of City of New York v Plumbers Local Union No. 1*, 204 AD2d 183, 184, *lv denied* 85 NY2d 803). Although respondent union did not specifically cite article VI (§ 1 [C]) of the collective bargaining agreement prior to the submission of its answer to the City's petition challenging arbitrability, the record demonstrates that the City was on notice that the union's claim involved an "out-of-title" work assignment. The Board had a rational basis for finding that the union established the required nexus between the complaint about the assignment of the grievants to "maxi audits" and section 1 (C) of article VI of the collective bargaining agreement. A grievance was defined therein as "[a] claimed assignment of employees to duties substantially different from those stated in their job specifications". The agreement does not define the "job specifications" referred to in that section, but there is a genuine issue whether the detailed responsibilities of Assistant Office Managers (AOMs) outlined in the Human Resources Administration's (HRA) Procedures Manual constitute such job specifications. That Manual authorizes AOMs to "review samples of work done or *conduct audits* of the work done in his/her groups" (emphasis added). It is not clear whether this auditing authorization refers to the

review of subordinates' work or to the substantive analysis of income maintenance applications, or, if the latter applies, whether "mini" or "maxi" audits were contemplated. Thus, the Board properly accepted the union's argument that its complaint that "substantially different" assignments were made should be resolved by the arbitrator.

Moreover, as the Board properly found, "once HRA created the position of AOM and promulgated a job description for that position, as set forth in its Manual, the subject of whether duties beyond the scope of that job description could be assigned to employees designated as AOMs became arbitrable under Article VI, Section 1 (B) of the [collective bargaining] agreement". A grievance was defined therein as a "violation * * * or misapplication of the * * * written policy * * * affecting *terms and conditions of employment*" (art VI, § 1 [B]; emphasis added). It remains to be established whether the assignment of "maxi" audits is within the duties covered by the Manual. Concur—Rosenberger, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.