■ In the Matter of FAY'S INC., Respondent, v NEW YORK STATE DEPARTMENT OF HEALTH, Appellant. [660 NYS2d 470] —Mikoll, J. Appeal from a judgment of the Supreme Court (Carpinello, J.), entered July 19, 1996 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding that, *inter alia*, petitioner illegally sold tobacco products to a minor.

The facts underlying the instant matter are not in dispute. On August 14, 1995, a minor bought a pack of cigarettes from a clerk at a store owned and operated by petitioner in Wayne County. No request for identification was made. She was accompanied by Peter Saracino, a member of the Tobacco Action Coalition of the Finger Lakes Region (hereinafter Coalition), which routinely conducts compliance checks of establishments selling tobacco products in the region. Saracino is employed by the Yates County Public Health Department and serves on the Coalition as part of his work duties.

After the cigarettes were purchased, Saracino and the minor completed and signed a "compliance check form" indicating that petitioner had sold cigarettes to a minor. The form was then submitted to Steven Smolen, senior public health sanitarian at the respondent's Geneva district office. Smolen, based on the compliance check form and a conversation with Saracino confirming the event described in the form, prepared and served a "finding of violation" and "notice of hearing" charging petitioner with a sale in violation of the Adolescent Tobacco-Use Prevention Act (hereinafter the Act) (*see*, Public Health Law § 1399-aa *et seq.*).

Petitioner challenged the violation on the ground that it was improper for respondent to commence an enforcement proceeding without further investigation. After a hearing, the charges were sustained and a penalty of $100 was imposed. The Hearing Officer rejected petitioner's claim of improper delegation of

power, holding that the finding of violation was not based solely on the compliance check form but was made after a verbal confirmation of the details of the alleged violation with Saracino. The Hearing Officer also ruled that the procedure used by respondent was in accordance with the law, citing to Public Health Law § 1399-t (3) which authorizes the filing of citizens' complaints with the enforcement officer.

Petitioner commenced this proceeding in Supreme Court alleging that respondent's automatic referral of complaints filed by the Coalition, a private citizens' group, for enforcement proceedings was an improper delegation of the State's police power to private citizens in violation of the NY Constitution and the Act. Supreme Court concurred, finding that the district office had "ceded too much authority to a private organization and in doing so has divested itself of discretion with regard to the investigation and enforcement of statutory violations". The court granted the petition and annulled the administrative determination.

Respondent contends on appeal that Supreme Court improperly disposed of the matter out-of-hand and claims that a question of substantial evidence was involved requiring transfer of the matter to this Court. Respondent also argues that Supreme Court erred in substituting its judgment for that of the Hearing Officer. We conclude that although the Hearing Officer made determinations upholding the actions of the district office, the question presented is not one of substantial evidence. Nor did respondent so urge in Supreme Court. We also note that respondent failed to request a transfer of the matter to this Court on substantial evidence grounds.

The issue distills to whether Smolen, as the officer charged with enforcing the Act, abdicated his investigatory function and relied solely on the findings of the Coalition. Smolen testified that the district office relied upon the Coalition's findings based upon its long-standing relationship with the Coalition. Smolen conceded that the district office has a policy of accepting the information the Coalition finds in its compliance checks and, when a violation is found, responding thereto. He attested to the credibility of the Coalition based on his experience with it and its members' willingness to testify. As a member of the Coalition, Smolen participated in the development of the compliance check form used by the Coalition.

Initially, we note that although petitioner relies on legal authority referring to selective enforcement in violation of the Equal Protection Clauses of the Federal and State Constitutions, these principles are not applicable. In view of the fact

that petitioner neither urged nor attempted to substantiate claims of selective enforcement and, at most, raised only the possibility of selective enforcement, there was no evidence of any actual discrimination (*see, e.g., Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686; *People v Klein Corp.,* 86 Misc 2d 354).

It should be noted that the Act does not specifically require an investigation by the enforcement officer. The Coalition had a list of stores licensed to sell tobacco and it attempted to visit every store, reporting its findings of all visits. It did not engage in selective checks.

We conclude that respondent exercised discretion and judgment in instituting the enforcement proceeding and, absent any evidence of unlawful discrimination, petitioner's claim must fail. Thus, it was unnecessary for Supreme Court to annul the determinations of Smolen and the district office (*see generally, Matter of New York City Dept. of Sanitation v MacDonald,* 215 AD2d 324, *affd* 87 NY2d 650).

Cardona, P. J., Crew III and Yesawich Jr., JJ., concur; Casey, J. concurs in the result only. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.