**18** In the Matter of CITY OF NEW YORK et al., Appellants, v INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 237 et al., Respondents. [753 NYS2d 509] —Order, Supreme Court, New York County (James Yates, J.), entered April 4, 2001, which denied the petition brought pursuant to CPLR articles 75 and 78 to annul a determination of respondent Board of Collective Bargaining of the City of New York requiring petitioners to arbitrate the grievances of respondent union, unanimously affirmed, without costs.

Respondent Board did not exceed its authority or act in an arbitrary or capricious manner in determining that the petitioner and respondent union were required to arbitrate the very issue specified in their "side letter" to a memorandum of understanding. In light of the peculiar circumstances of this case, which involved the memorandum of understanding, side letter and three referenced collective bargaining agreements, the union's failure to cite the side letter in its request for arbitration did not run afoul of the notice provisions of CPLR 7503 (c), since two of the underlying collective bargaining agreements were listed (*see Matter of City of New York v MacDonald*, 223 AD2d 485). Whether any substantive portion of any of the agreements entitles the union to the relief sought is a question for the arbitrator to decide (*see Matter of Franklin Cent. School [Franklin Teachers Assn.]*, 51 NY2d 348, 355). We note that the respondent Board's determination proceeded from the premise that the union sought permissive grievance arbitration arising out of an agreement, and arbitration should proceed on that basis. To the extent that the decision of Supreme Court treated respondent Board's determination as one based on a request for compulsory interest arbitration arising out of a negotiation impasse, it was in error. Concur— Andrias, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.