■ In the Matter of GEORGE THORSEN, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION, Respondent. [821 NYS2d 273]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission disqualifying the petitioner for the position of Nassau County Director of Probation, the petitioner appeals from an order of the Supreme Court, Nassau County (Alpert, J.), entered September 23, 2004, which denied his motion to punish the respondent for civil contempt.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the petitioner's motion to punish the respondent for civil contempt. "To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor has, with knowledge of its existence, violated a clear and unequivocal court order and that the violation prejudiced a right of a party to the litigation" (*Matter of Ramirez v New York State Dept. of Health,* 219 AD2d 724, 724-725 [1995]; *see* Judiciary Law § 753 [A]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983]). Here, the record unequivocally demonstrates that several months before a judgment was even signed and entered in the instant proceeding, the position for which the petitioner was deemed qualified and for which position the respondent was directed by the judgment "to process the petitioner's application," was already filled by an appointment made by the former County Executive and approved by the County Legislature. The petitioner never sought

any injunctive relief as to that appointment. Consequently, the petitioner failed to demonstrate how any action or inaction of the respondent defeated, impaired, impeded, or prejudiced his rights. As aptly noted by the Supreme Court, at this point, to compel the processing of the petitioner's application would be a futile gesture. "Mandamus will not lie to compel a public official to perform a vain or useless or illegal act" (*Matter of Beckmann v Talbot,* 252 App Div 870, 871 [1937], *revd on other grounds* 278 NY 146 [1938]).

Additionally, because the judgment did not direct the actual appointment of the petitioner, it cannot be shown that the respondent's failure to comply with it directly caused the petitioner to lose the benefits of such an appointment. Therefore, contrary to the petitioner's contention, he is not entitled to "full back pay, . . . benefits and all other emoluments of employment" retroactive to May 5, 2000, the date he was improperly found unqualified and his application rejected. The aim in imposing a penalty for civil contempt is not to punish, but rather, to compensate the injured party for the loss of or interference with the benefits of the court mandate (*see McCain v Dinkins,* 84 NY2d 216, 226 [1994]; *Matter of McCormick v Axelrod, supra; Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835, 837 [1991]). Here, the petitioner did not demonstrate how any failure of the respondent to comply with the Supreme Court's judgment resulted in injury to him. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.