*225 OPINION OF THE COURT
Thomas P. Phelan, J.
Application by petitioner 420 Tenants Corp. to vacate the decision of the Building Commissioner of the City of Long Beach granting building permit No. 00A38444 to Aqua Construction Corp. or, in the alternative, to compel the Zoning Board of Appeals of the City of Long Beach to provide the materials necessary to file an appeal of the decision and for injunctive relief is granted to the limited extent set forth herein and is in all other respects denied.
Respective cross motions by respondents EBM Long Beach, LLC, Aqua and Brighton Associates and by respondent Zoning Board to dismiss the petition pursuant to CPLR 3211 (a) (7) are determined as hereinafter provided.
Petitioner seeks, inter alia, to revoke building permit No. 00A38444 issued to respondent Aqua on or about July 20, 2006 authorizing construction of an eight-story, 36-unit residential apartment complex to be located at 403 East Boardwalk, Long Beach, New York (residence L district) immediately adjacent to 75 residential units situated at 420 Shore Road, on the grounds that the permit was issued without the requisite site plan approval mandated by Code of Ordinances of the City of Long Beach § 7-40.
According to respondent EBM, the contract vendee or present owner of the subject premises, the property was previously encumbered by an adult home which housed 130 indigent residents, many of whom were developmentally disabled. As further represented by EBM, the New York State Department of Health approved a closure plan submitted by respondent Brighton Associates, the contract vendor of the premises, which thereafter emptied said premises. Demolition of the home was nearly complete when petitioner commenced this proceeding.
Petitioner contends that had the project been presented to the planning board, the site plan would not have been approved as it fails to comply with the Code of Ordinances applicable to construction projects within a residence L district. In this regard, petitioner argues that the area variance, issued in connection with the proposed construction, improperly relieves EBM from complying with height, lot area, building area, front, side and rear yard zoning code requirements.
Petitioner further contends that it was prevented from challenging the Building Commissioner’s decision to issue the build *226 ing permit because respondent Zoning Board denied its request for a zoning package and radius map advising, by letter dated August 8, 2006, that “there is no basis for . . . submission of an application to the Zoning Board of Appeals” and that “[a]ll matters relating to the referenced property have been decided, or await decision, by the appropriate courts of law.” Thereupon, petitioner commenced the instant proceeding seeking, inter alia, to annul the challenged building permit. The proceeding, however, is only the latest in a rather lengthy series of legal maneuvers designed, according to respondents EBM and Aqua, to derail the $40,000,000 construction project.
The litigation history includes a prior CPLR article 78 proceeding, brought by 43 of Tenants’ shareholders and/or residents, among others, against EBM and the Zoning Board challenging the area variance granted in connection with the project. That proceeding was dismissed by order dated September 28, 2005 (O’Connell, J.). A subsequent request to enjoin the Building Commissioner of the City of Long Beach from issuing any building permits, and to enjoin EBM from performing any destruction/construction activities at the premises, pending the determination of the appeal of Justice O’Connell’s order, was denied by order of the Appellate Division, Second Department, dated May 18, 2006.
Further litigation ensued after the Zoning Board, on March 2, 2006, granted EBM a six-month extension of time in which to commence construction. More specifically, on May 17, 2006 Tenants commenced a declaratory judgment action challenging issuance of the extension and seeking a permanent injunction preventing EBM from taking any action authorized by the purported variance. By order dated June 8, 2006 (Cozzens, J.), the complaint was dismissed as untimely and the request for declaratory and preliminary injunctive relief was denied. The court adhered to its original decision dismissing the complaint and denying injunctive relief by short form order dated July 24, 2006 (Cozzens, J.) following Tenants’ motion to reargue. By order of the Appellate Division, Second Department, dated August 3, 2006, petitioner’s motion to enjoin EBM from, inter alia, commencing construction of the subject premises, pending determination of the appeals of the two orders dated June 8, 2006 and July 24, 2006, was denied.
Pursuant to section 7-28 of the Code of Ordinances, among the powers of the Building Commissioner is that of issuing permits for the erection of new buildings and alteration of exist *227 ing buildings within the City of Long Beach. There is no basis, therefore, to argue, as petitioner purports to do, that by issuing the challenged building permit, the Building Commissioner exceeded his jurisdiction. Nor is there any validity to petitioner’s contention that the building permit at issue herein was granted in violation of Code § 7-40.
The record establishes that on January 5, 1960 the City Council of the City of Long Beach established a planning board by Resolution No. 12. Pursuant to Ordinance No. 1193/73 (Dec. 18, 1973), the Municipal Code of the City of Long Beach was amended by adding section 10-203.5, later renumbered section 10-203.6 and now known as Code § 7-40. This section provides, in pertinent part, as follows:
“In all cases where the owner files an application for a building permit with the building department for the construction or alteration of new buildings containing twelve (12) or more dwelling units in any multiple residence district, he shall simultaneously therewith file a copy of said site plan and copy of pertinent plans with the planning board. No building permit for same shall be issued by the commissioner of the building department until the planning board shall first approve the site plan of the proposed building as hereinafter set forth” (Code of Ordinances § 7-40).
On June 17, 1975, the Department of City Planning and Development was created by local law adopted by the City Council of the City of Long Beach. On that same date, by Resolution No. 143/75 the City Council abolished the planning board since “such Planning Board will no longer be required as a result of the adoption of [the] Local Law [creating the Department of City Planning and Development].” The planning advisory board was similarly abolished at the same time (Resolution No. 142/75).
Here, the court is confronted with a situation in which the passage of City Council Resolution Nos. 142/75 and 143/75, abolishing the planning advisory board and the planning board, made it impossible for an applicant to gain site plan approval from a nonexistent planning board as would otherwise be required by Code § 7-40. Code § 7-40 is, therefore, incompatible with, and repugnant to, the subsequent City Council resolutions.
There is nothing offered by petitioner to refute the statement by the current City Manager of the City of Long Beach, who *228 was City Manager from June 1, 1979 to March 17, 1999, from June 6, 2001 to April 2003, and from June 30, 2006 to present, that “[t]he City of Long Beach has not had any requirement for site plan approval since the elimination of the ‘Planning Board’ on June 17, 1975” and that “[n]one of the multitude of projects completed in the City [over the last 26 years] have had to obtain site plan approval from a non-existent ‘Planning Board.’ ”
The administration of building permit approval, according to the City Manager, is handled by the building department and, if necessary, the Zoning Board and the Nassau County Planning Commission. The fact that in 1991, 2001 and 2002 the City Council, pursuant to General Municipal Law § 505 (2) and § 502 (8), acted in place of a planning board does not serve to transform the City Council into a planning board for other purposes.
Article 15 of the General Municipal Law (General Municipal Law §§ 501-525) deals with urban renewal and section 505 (2) specifically requires that urban renewal plans be submitted to a commission for various purposes. “Commission” is defined at General Municipal Law § 502 (8) as “[t]he planning commission or other analogous body, or if there be none, the board of estimate or other governing body of the municipality.”
Consistent with the requirements of General Municipal Law article 15 and in recognition of the absence of any existing “planning commission or other analogous body” the City of Long Beach passed Resolution No. 72/91 on April 16, 1991 specifically authorizing the City Council to act as the planning board for purposes of addressing its urban renewal plan. The City Council has at times since then acted as the planning board in the limited context of urban renewal and as required by article 15 of the General Municipal Law.
According to respondent Zoning Board, none of the numerous development projects in the City of Long Beach over the last 31 years involved site plan approval by a planning board. Implicit in the City of Long Beach’s abolition of its planning board is the concept that site plan approval is not a prerequisite for issuance of a building permit. An applicant simply cannot submit a plan for approval to a nonexistent planning board. Thus, the requirement in Code § 7-40 that site plans be submitted for approval was impliedly repealed by Resolution No. 143/75 which abolished the planning board.
The general rule of statutory interpretation is that a subsequent statutory provision prevails over a preexisting and *229 irreconcilably conflicting provision notwithstanding the failure to expressly repeal the earlier provision (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 391, 398). As stated in Statutes § 398, Comment, “The repeal arises from the repugnancy of the two statutes, not from any expression of a general intent to repeal inconsistent acts.” Although it is well established that repeal or modification of legislation by implication is not favored in the law (Matter of New York Pub. Interest Research Group v Dinkins, 83 NY2d 377, 386 [1994]), under the particular facts of this case, the manifest intent of the City Council was to repeal Code § 7-40. In determining whether there has been an implied repeal or modification of a legislative enactment, the intent of the legislative body is of paramount importance (Alweis v Evans, 69 NY2d 199, 205 [1987]).
Generally, courts will defer to the construction of statutes and regulations by the agencies responsible for their administration, provided only that an agency’s construction is neither irrational nor unreasonable (Matter of Albano v Kirby, 36 NY2d 526, 532 [1975]; Koultukis v Phillips, 285 AD2d 433, 436 [1st Dept 2001]). “Absent an arbitrary and capricious regulation or interpretation of said regulation [by an administrative agency acting within the scope of its authority], courts should defer to the agency” (Matter of Tommy & Tina, Inc. v Department of Consumer Affairs of City of N.Y., 95 AD2d 724, 724 [1st Dept 1983], affd 62 NY2d 671 [1984]). No such impropriety on the part of the City of Long Beach respondents has been demonstrated. A court cannot simply substitute its judgment for that of an administrative agency when the agency’s determination is reasonable (District Council 37, Am. Fedn. of State, County & Mun. Empls., AFL-CIO v City of New York, 22 AD3d 279, 284 [1st Dept 2005]).
Accordingly, this article 78 proceeding brought by petitioner to vacate the decision of the Building Commissioner of the City of Long Beach which granted building permit No. 00A38444, and for preliminary injunctive relief is denied.
With respect to petitioner’s request for injunctive relief, the court notes that an injunction is an extraordinary remedy which will only be granted upon a showing of likelihood of success on the merits, irreparable injury absent preliminary relief and a balancing of equities in the movant’s favor (Milbrandt & Co. v Griffin, 1 AD3d 327 [2d Dept 2003]). Bare conclusory assertions of irreparable injury fail to satisfy that burden (Neos v Lacey, 291 AD2d 434, 435 [2d Dept 2002]; Matter of Gandolfo v White, *230 224 AD2d 526, 528 [2d Dept 1996]). Petitioner, upon whom the burden of persuasion rests (Skaggs-Walsh, Inc. v Chmiel, 224 AD2d 680 [2d Dept 1996]), has failed to demonstrate a cogent basis to grant injunctive relief.
The City of Long Beach respondents are nevertheless directed to provide the heretofore demanded “zoning package” and “radius map” to petitioner within 10 days of Corporation Counsel’s receipt of a copy of this order. While the court is cognizant that mandamus will not lie to compel a vain or useless act (Matter of Thorsen v Nassau County Civ. Serv. Commn., 32 AD3d 1037, 1038 [2d Dept 2006], citing Matter of Beckman v Talbot, 252 App Div 870, 871 [2d Dept 1937], revd, on other grounds 278 NY 146 [1938]), respondent Zoning Board offers no legal authority to support the proposition that it was entitled to refuse to provide the requested material on the grounds that “[a] 11 matters relating to the referenced property have been decided or await decision, by the appropriate courts of law.”
Respective cross motions by respondents EBM, Aqua and Brighton and by the City of Long Beach respondents to dismiss the petition as against them pursuant to CPLR 3211 (a) (7) are granted.
Costs, in all respects, are disallowed.