■ In the Matter of SOCIAL SERVICE EMPLOYEES UNION, LOCAL 371, on Behalf of AUBREY NORRIS, Appellant, v NEW YORK CITY BOARD OF COLLECTIVE BARGAINING et al., Respondents. [849 NYS2d 231]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered May 30, 2006, dismissing this proceeding brought pursuant to CPLR article 78 seeking to annul the determination of respondent Board of Collective Bargaining, which, after a hearing, had denied an improper practice petition, unanimously affirmed, without costs.

Petitioner brought an allegedly improper practice to the attention of the Board on behalf of one of its officers, Aubrey Norris, who claimed that on three occasions security officers employed by the New York City Administration for Children's Services (ACS) had interfered with access to ACS headquarters to perform his duties as a union official, in violation of the New York City Collective Bargaining Law (Administrative Code of City of NY § 12-306 [a] [1], [3]).

Following a hearing before a trial examiner, the Board determined that petitioner had failed to establish a violation under the applicable two-part test, which requires proof that the employer's agent responsible for the allegedly discriminatory act had knowledge of the employee's protected union activity, and that such activity was a motivating factor for the employer's action (*District Council 37, Am. Fedn. of State, County & Mun. Empls., AFL-CIO v City of New York*, 22 AD3d 279, 284-285 [2005]). The Board found that while it was undisputed these ACS employees knew of Norris's union activity, the evidence indicated their actions were motivated by personal animus toward Norris, rather than toward him as a union representative. Other union representatives had no difficulty gaining access to the building for union business, and Norris was never actually prevented from entering the building.

Under CPLR article 78, judicial review of the Board's determination "is limited to the evaluation of whether the determination is consistent with lawful procedures, whether it is arbitrary or capricious, and whether it is a reasonable exercise of the agency's discretion" (*District Council 37*, 22 AD3d at 283; *see Matter of Levitt v Board of Collective Bargaining of City of N.Y., Off. of Collective Bargaining*, 79 NY2d 120, 128 [1992]). Since the Board's finding that petitioner failed to establish a violation of the collective bargaining law was supported by evidence in the record, and the Board applied the correct two-part test, there was no basis for annulment of the determination. Concur—Andrias, J.P., Nardelli, Buckley and Catterson, JJ.