Matter of Correction Officers' Benevolent Assn. v New York City Bd. of Collective Bargaining (2020 NY Slip Op 02549)





Matter of Correction Officers' Benevolent Assn. v New York City Bd. of Collective Bargaining


2020 NY Slip Op 02549


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11436 101012/18

[*1]In re Correction Officers' Benevolent Association, Petitioner,
v
New York City Board of Collective Bargaining, et al., Respondents.


Koehler & Isaacs LLP, New York (Liam L. Castro of counsel), for petitioner.
Abigail R. Levy, New York, for New York City Board of Collective Bargaining, respondent.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for municipal respondents.



Determination of respondent New York City Board of Collective Bargaining, dated June 14, 2018, which, after a hearing, dismissed petitioner's improper practice petition, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Arlene P. Bluth, J.], entered January 23, 2019), unanimously dismissed, without costs.
The hearing after which respondent Board of Collective Bargaining (BCB) made its determination was discretionary, not mandatory (see 61 RCNY 1-07[c][8]; Matter of United Fedn. of Teachers v City of New York, 154 AD3d 548, 550 [1st Dept 2017]). Therefore, the standard of judicial review is whether the determination is arbitrary and capricious, and transfer to this Court was unwarranted (see Matter of Lippman v Public Empl. Relations Bd., 263 AD2d 891, 894-895 [3d Dept 1999]; CPLR 7804[g]). Nevertheless, we dispose of the matter on the merits and review BCB's determination for rationality (see id.; Matter of Social Serv. Empls. Union, Local 371 v New York City Bd. of Collective Bargaining, 47 AD3d 417 [1st Dept 2008]; Matter of Angelopoulos v New York City Civ. Serv. Commn., 176 AD2d 161 [1st Dept 1991], lv denied 79 NY2d 751 [1991]).
BCB's determination that the operations order issued by the Department of Corrections (DOC) does not impose a substantive change to the process of awarding job assignments is rational. There is testimony in the record that the information now required to be considered about an officer's history of use of force was already considered under the previous operations order and that the divisions now required to be contacted during the process of awarding assignments were regularly consulted when the previous order was in effect.
The determination that the new training requirements contained in the operations order are not a mandatory subject of bargaining is rational. It is supported by witness testimony about the role seniority played under both the current and previous operations orders, that lack of training did not prevent an officer from applying for or being awarded an assignment, and that the language of the operations order and DOC practice allowed for officers to be awarded new assignments and receive required training before beginning assignments.
BCB rationally determined that the inclusion of employee evaluation criteria based on an assessment of an officer's use of force is not subject to mandatory bargaining (see Administrative Code of City of NY § 12-307[a]; Matter of Levitt v Board of Collective Bargaining of City of N.Y., Off. of Collective Bargaining, 79 NY2d 120, 127 [1992]). BCB rationally concluded that the new evaluation procedures do not concern procedural aspects of officers' performance [*2]evaluations and do not require any participation by officers, but only alter the supervisory functions and discretion of the supervisors who perform such evaluations.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK